UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WALLIS TORRES,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. IMMIGRATION,<br><br>        Defendant. | Civil Action No. 16-11442-LTS |

MEMORANDUM AND ORDER

August 15, 2016

SOROKIN, D.J.

      Plaintiff Wallis Torres, who is incarcerated at the Souza-Baranowski Correctional Center, asks this Court to require the federal government to produce an order that he be removed from the United States.[1] Torres states that wants to be removed immediately to the Dominican Republic, where he is a citizen, and that he is willing to waive all rights to immigration proceedings. For the reasons stated below, the Court dismisses this action without prejudice for lack of jurisdiction.

      According to the papers Torres filed, at some point he was sentenced on a Massachusetts conviction to four to seven years of incarceration. When he was in a pre-release center, he fled from government custody and traveled to the Dominican Republic and then to Switzerland. He

---

[1] Torres captioned his request for relief as a "Motion to Compel Production of Documents." The Court will treat the document as a complaint.

lived a positive lifestyle for over six years before he was apprehended in Switzerland and returned to Massachusetts.

On March 9, 2016, he appeared before the Commonwealth's Parole Board for a determination of parole eligibility.  Although the Parole Board found that incarceration had served its purpose, in light of Torres's previous escape from pre-release dentition, it denied Torres's request to be released on parole.  The Parole Board did state that it would reconsider its decision if Torres was ordered deported.  Torres was also was privately told that he would be granted parole once his deportation was confirmed.  Per the Parole Board's instructions, Torres contacted immigration authorities to explain his plight, but he has not received any response.  Torres asks "that his deportation order be produced and the allowance of his signature be placed on said documents for the purposes of his positive parole to immigration." Compl. at 1.

This Court is without jurisdiction to require the Attorney General of the United States, or her subordinates, to produce an order or other document confirming that Torres will be removed from the United States.   Under 8 U.S.C. § 1252(g), this Court lacks jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien."  8 U.S.C. § 1252(g).  This statute ensures that the Executive branch has the discretion to "abandon the endeavor" of initiating removal proceedings, continuing the prosecution of an immigration action, or executing a removal order without the threat of judicial interference. Reno v. American Arab Anti-Discrimination Comm., 525 U.S. 471, 483 (1999); see also Alvidres-Reyes v. Reno, 180 F.3d 199, 201 (5th Cir. 1999) ("The Congressional aim of § 1252(g) is to protect from judicial intervention the Attorney General's long-established

discretion to decide whether and when to prosecute or adjudicate removal proceedings or to execute removal orders.").

Granting Torres's request for relief would undoubtedly interfere with the apparent decision of the Attorney General not to commence removal proceedings against Torres at this time.  Therefore, under 8 U.S.C. § 1252(g), the Court lacks jurisdiction to entertain this claim. See, e.g. Grampajo-Santos v. Holder, 444 Fed. Appx. 198, 200 (9th Cir. 2011) (court lacked jurisdiction to adjudicate claim that delay in processing her immigration case constituted a denial of due process); S-Cheng v. Ashcroft, 380 F.3d 320, 324 (8th Cir. 2004) (court lacked jurisdiction to "hear a challenge to the decision to forgo or initiate proceedings against an alien").

Accordingly, this action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. No filing fee shall be assessed.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge